BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Defendant WEEKS MARINE, INC.
46 Trinity Place
New York, NY 10006
(212) 297-0050
Ronald Betancourt (RB-5838)
Todd P. Kenyon (TK-7654)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x

IN RE WORLD TRADE CENTER DISASTER
SITE LITIGATION

:   21 MC 100 (AKH)

- - - - - - - - - - - - - - - - - - - - - x

JOHN BUONO and DENISE BUONO,

:

                     Plaintiffs,

:

         v.

:

A RUSSO WRECKING, INC., ET. AL.

:

SEE ATTACHED RIDER,

:

                     Defendants.

:

- - - - - - - - - - - - - - - - - - - - - x

Case No.: 07-cv-4412 (AKH)

**WEEKS MARINE, INC.'S NOTICE OF ADOPTION OF MASTER ANSWER (FRESH KILLS DEFENDANTS) WITH AMENDMENTS AND ANSWER TO SHORT FORM COMPLAINT**

      **PLEASE TAKE NOTICE** that Defendant Weeks Marine, Inc. ("Weeks Marine"), by its attorneys, Betancourt, Van Hemmen, Greco & Kenyon LLC, as and for its Answer to the allegations set forth in AMENDED MASTER COMPLAINT AGAINST THE CITY OF NEW YORK AND THE FRESH KILLS CONTRACTOR DEFENDANTS ("Complaint") and as for its Answer to the allegations set forth in the CHECK-OFF ("SHORT FORM") COMPLAINT RELATED TO THE MASTER COMPLAINT ("Short Form Complaint"), hereby (1) adopts, as if set forth herein, the MASTER ANSWER TO THE AMENDED MASTER COMPLAINT AGAINST THE CITY OF NEW YORK AND THE FRESH KILLS CONTRACTOR DEFENDANTS dated January 15, 2008 ("Master Answer") with the following amendments set forth below and (2) answers the Short Form Complaint:

## AMENDMENTS TO MASTER ANSWER

The following Paragraphs[*] of the Master Answer are hereby amended for this action as follows:

23.      Weeks Marine denies the allegations contained in Paragraph 23 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint as they relate to all other Fresh Kills Defendants.

24.      Weeks Marine denies the allegations contained in Paragraph 24 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint as they relate to all other Fresh Kills Defendants.

25.      Weeks Marine denies the allegations contained in Paragraph 25 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint as they relate to all other Fresh Kills Defendants.

26.      Weeks Marine denies the allegations contained in Paragraph 26 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint as they relate to all other Fresh Kills Defendants.

27.      Weeks Marine denies the allegations contained in Paragraph 27 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form

---

[*]   The numbers of the Paragraphs set forth herein correspond to the Paragraph numbers in the Master Answer.

a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint as they relate to all other Fresh Kills Defendants.

\*        \*        \*        \*

109.    Paragraph 109 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 109 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint as they relate to all other Fresh Kills Defendants.

\*        \*        \*        \*

111.    The document identified or referenced in Paragraph 111 speaks for itself, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 111 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that it assisted in the debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City of New York and other authorities. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint as they relate to all other Fresh Kills Defendants.

112.    Weeks Marine denies the allegations contained in Paragraph 112 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint as they relate to all other Fresh Kills Defendants.

113.    The documents identified or referenced in Paragraph 113 speak for themselves, and therefore no additional response is required.  Furthermore, Paragraph 113 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 113 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint as they relate to all other Fresh Kills Defendants.

114.    The document identified or referenced in Paragraph 114 speaks for itself, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint as they relate to all other Fresh Kills Defendants.

115.    Weeks Marine denies the allegations contained in Paragraph 115 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint as they relate to all other Fresh Kills Defendants.

116.    Weeks Marine denies the allegations contained in Paragraph 116 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint as they relate to all other Fresh Kills Defendants.

117.    Paragraph 117 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 117 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint as they relate to all other Fresh Kills Defendants.

118.    Weeks Marine denies the allegations contained in Paragraph 118 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint as they relate to all other Fresh Kills Defendants.

119.    Weeks Marine denies the allegations contained in Paragraph 119 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint as they relate to all other Fresh Kills Defendants.

120.    Weeks Marine denies the allegations contained in Paragraph 120 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint as they relate to all other Fresh Kills Defendants.

121.    The document identified or referenced in Paragraph 121 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 121 of the Complaint is unsupported by Plaintiffs' citations. Furthermore, Paragraph 121 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks

Marine denies the allegations contained in Paragraph 121 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint as they relate to all other Fresh Kills Defendants.

122. The document identified or referenced in Paragraph 122 speaks for itself, and therefore no additional response is required. Furthermore, Paragraph 122 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 122 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint as they relate to all other Fresh Kills Defendants.

123. Paragraph 123 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 123 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint as they relate to all other Fresh Kills Defendants.

124. Paragraph 124 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 124 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 124 of the Complaint as they relate to all other Fresh Kills Defendants.

125.   Weeks Marine denies the allegations contained in Paragraph 125 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint as they relate to all other Fresh Kills Defendants.

126.   Weeks Marine denies the allegations contained in Paragraph 126 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint as they relate to all other Fresh Kills Defendants.

127.   The document identified or referenced in Paragraph 127 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 127 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 127 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint as they relate to all other Fresh Kills Defendants.

128.   Weeks Marine denies the allegations contained in Paragraph 128 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint as they relate to all other Fresh Kills Defendants.

129.   The document identified or referenced in Paragraph 129 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 129 of the Complaint

is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 129 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint as they relate to all other Fresh Kills Defendants.

130.    Weeks Marine denies the allegations contained in Paragraph 130 of the Complaint as they relate to Weeks Marine, except to admit that all funding for the rescue, recovery, and debris removal ultimately came from the Federal Emergency Management Agency.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint as they relate to all other Fresh Kills Defendants.

131.    The statement referenced in Paragraph 131 of the Complaint is unsupported by Plaintiffs' citation.  Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    Weeks Marine denies the allegations contained in Paragraph 132 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint as they relate to all other Fresh Kills Defendants.

133.    Weeks Marine denies the allegations contained in Paragraph 133 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint as they relate to all other Fresh Kills Defendants.

134.   Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint as they relate to all other Fresh Kills Defendants.

135.   The document identified or referenced in Paragraph 135 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 135 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 135 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint as they relate to all other Fresh Kills Defendants.

136.   Weeks Marine denies the allegations contained in Paragraph 136 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint as they relate to all other Fresh Kills Defendants.

137.   The document identified or referenced in Paragraph 137 speaks for itself, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 137 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint as they relate to all other Fresh Kills Defendants.

138.    Weeks Marine denies the allegations contained in Paragraph 138 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint as they relate to all other Fresh Kills Defendants.

139.    The documents identified or referenced in Paragraph 139 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 139 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 139 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint as they relate to all other Fresh Kills Defendants.

140.    The documents identified or referenced in Paragraph 140 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 140 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 140 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint as they relate to all other Fresh Kills Defendants.

141.    The documents identified or referenced in Paragraph 141 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 141 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint as they relate to Weeks Marine.

Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint as they relate to all other Fresh Kills Defendants.

142.    The document identified or referenced in Paragraph 142 speaks for itself, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 142 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint as they relate to all other Fresh Kills Defendants.

143.    The document identified or referenced in Paragraph 143 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 143 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 143 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint as they relate to all other Fresh Kills Defendants.

144.    The document identified or referenced in Paragraph 144 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 144 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 144 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint as they relate to all other Fresh Kills Defendants.

145.    The document identified or referenced in Paragraph 145 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 145 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 145 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint as they relate to all other Fresh Kills Defendants.

146.    The document identified or referenced in Paragraph 146 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 146 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 146 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint as they relate to all other Fresh Kills Defendants.

147.    The document identified or referenced in Paragraph 147 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 147 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 147 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint as they relate to all other Fresh Kills Defendants.

148.    The document identified or referenced in Paragraph 148 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 148 of the Complaint

is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 148 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint as they relate to all other Fresh Kills Defendants.

149.    The document identified or referenced in Paragraph 149 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 149 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 149 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint as they relate to all other Fresh Kills Defendants.

150.    The documents identified or referenced in Paragraph 150 speak for themselves, and therefore no additional response is required.  The statements referenced in Paragraph 150 of the Complaint are unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 150 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint as they relate to all other Fresh Kills Defendants.

151.    Weeks Marine denies the allegations contained in Paragraph 151 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint as they relate to all other Fresh Kills Defendants.

-13-

152.    The documents identified or referenced in Paragraph 152 speak for themselves, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 152 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint as they relate to all other Fresh Kills Defendants.

153.    The document identified or referenced in Paragraph 153 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 153 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint as they relate to all other Fresh Kills Defendants.

154.    The document identified or referenced in Paragraph 154 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 154 of the Complaint is unsupported by Plaintiffs' citations. Furthermore, Paragraph 154 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 154 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint as they relate to all other Fresh Kills Defendants.

155.    Paragraph 155 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 155 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint as they relate to all other Fresh Kills Defendants.

156.    Weeks Marine denies the allegations contained in Paragraph 156 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint as they relate to all other Fresh Kills Defendants.

157.    The documents identified or referenced in Paragraph 157 speaks for itself, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 157 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint as they relate to all other Fresh Kills Defendants.

158.    The document identified or referenced in Paragraph 158 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 158 of the Complaint is unsupported by Plaintiffs' citations.  Furthermore, Paragraph 158 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 158 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 158 of the Complaint as they relate to all other Fresh Kills Defendants.

159.    The document identified or referenced in Paragraph 159 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 159 of the Complaint is unsupported by Plaintiffs' citations. Furthermore, Paragraph 159 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 159 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint as they relate to all other Fresh Kills Defendants.

160.    The statements referenced in Paragraph 160 of the Complaint are unsupported by Plaintiffs' citations. Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint as they relate to all other Fresh Kills Defendants.

161.    The statement referenced in Paragraph 161 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 161 of the Complaint as they relate to all other Fresh Kills Defendants.

162.   The statement referenced in Paragraph 162 of the Complaint is unsupported by Plaintiffs' citations.  Furthermore, Paragraph 162 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 162 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint as they relate to all other Fresh Kills Defendants.

163.   The statements referenced in Paragraph 163 of the Complaint are unsupported by Plaintiffs' citations.  Furthermore, Paragraph 163 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 163 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint as they relate to all other Fresh Kills Defendants.

164.   Paragraph 164 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 164 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 164 of the Complaint as they relate to all other Fresh Kills Defendants.

165.    The documents identified or referenced in Paragraph 165 speak for themselves, and therefore no additional response is required.  The statements referenced in Paragraph 165 of the Complaint are unsupported by Plaintiffs' citations.  Furthermore, Paragraph 165 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 165 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint as they relate to all other Fresh Kills Defendants.

166.    Paragraph 166 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 166 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint as they relate to all other Fresh Kills Defendants.

167.    Paragraph 167 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 167 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Complaint as they relate to all other Fresh Kills Defendants.

168.    The documents identified or referenced in Paragraph 168 speak for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 168 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 168 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint as they relate to all other Fresh Kills Defendants.

169.    Paragraph 169 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 169 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint as they relate to all other Fresh Kills Defendants.

170.    Paragraph 170 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 170 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint as they relate to all other Fresh Kills Defendants.

171.    Weeks Marine denies the allegations contained in Paragraph 171 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint as they relate to all other Fresh Kills Defendants.

172. The documents identified or referenced in Paragraph 172 speak for themselves, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint as they relate to all other Fresh Kills Defendants.

173. The document identified or referenced in Paragraph 173 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 173 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint as they relate to all other Fresh Kills Defendants.

174. Weeks Marine denies the allegations contained in Paragraph 174 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint as they relate to all other Fresh Kills Defendants.

175. Weeks Marine denies the allegations contained in Paragraph 175 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint as they relate to all other Fresh Kills Defendants.

176.    Weeks Marine denies the allegations contained in Paragraph 176 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint as they relate to all other Fresh Kills Defendants.

177.    Weeks Marine denies  knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint as they relate to all other Fresh Kills Defendants.

178.    Weeks Marine denies the allegations contained in Paragraph 178 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint as they relate to all other Fresh Kills Defendants.

179.    Weeks Marine denies the allegations contained in Paragraph 179 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint as they relate to all other Fresh Kills Defendants.

180.    Weeks Marine denies the allegations contained in Paragraph 180 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint as they relate to all other Fresh Kills Defendants.

181.    Weeks Marine denies  knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint as they relate to Weeks

Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint as they relate to all other Fresh Kills Defendants.

182.    Weeks Marine denies the allegations contained in Paragraph 182 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint as they relate to all other Fresh Kills Defendants.

183.    Paragraph 183 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 183 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint as they relate to all other Fresh Kills Defendants.

184.    Paragraph 184 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 184 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint as they relate to all other Fresh Kills Defendants.

185.    Paragraph 185 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 185 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 185 of the Complaint as they relate to all other Fresh Kills Defendants.

186. Paragraph 186 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 186 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint as they relate to all other Fresh Kills Defendants.

187. Paragraph 187 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 187 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint as they relate to all other Fresh Kills Defendants.

188. Paragraph 188 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 188 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint as they relate to all other Fresh Kills Defendants.

189. The document identified or referenced in Paragraph 189 speaks for itself, and therefore no additional response is required. Furthermore, Paragraph 189 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal

conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 189 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint as they relate to all other Fresh Kills Defendants.

190. Paragraph 190 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 190 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint as they relate to all other Fresh Kills Defendants.

191. Weeks Marine denies the allegations contained in Paragraph 191 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint as they relate to all other Fresh Kills Defendants.

192. The document identified or referenced in Paragraph 192 speaks for itself, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 192 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint as they relate to all other Fresh Kills Defendants.

193. Weeks Marine denies the allegations contained in Paragraph 193 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint as they relate to all other Fresh Kills Defendants.

194.     Weeks Marine denies the allegations contained in Paragraph 194 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint as they relate to all other Fresh Kills Defendants.

195.     Weeks Marine denies the allegations contained in Paragraph 195 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint as they relate to all other Fresh Kills Defendants.

196.     Weeks Marine denies the allegations contained in Paragraph 196 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint as they relate to all other Fresh Kills Defendants.

*          *          *          *          *

201.     Weeks Marine denies the allegations contained in Paragraph 201 of the Complaint.

*          *          *          *          *

209.     Weeks Marine denies the allegations contained in Paragraph 209 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that it assisted in the debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City of New York and other authorities.  Weeks Marine denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 209 of the Complaint as they relate to all other Fresh Kills Defendants.

210.   Weeks Marine denies the allegations contained in Paragraph 210 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Complaint as they relate to all other Fresh Kills Defendants.

211.   Weeks Marine denies the allegations contained in Paragraph 211 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Complaint as they relate to all other Fresh Kills Defendants.

212.   Weeks Marine denies the allegations contained in Paragraph 212 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint as they relate to all other Fresh Kills Defendants.

<u>**ANSWER TO SHORT FORM COMPLAINT**</u>

Defendant Weeks Marine, indicated by Plaintiff(s) in "Section I.B." of the Short Form Complaint, by its attorneys, Betancourt Van Hemmen, Greco & Kenyon LLC, answer the Short Form Complaint herein upon information and belief as follows:

**I.  PARTIES**

**A.   Plaintiff(s)**

1.   Defendant Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of allegations "1" through "6" of Section "I.A." of the Short Form Complaint.

## B.    Defendant(s)

2.    Defendant Weeks Marine admits that what purports to be a list of all Defendant(s) named in the Master Complaint is in fact such a list.  Defendant Weeks Marine denies that the allegations contained in the Master Complaint are properly directed to Defendant Weeks Marine indicated by Plaintiff(s) in Section "I.B." of the Short Form Complaint.

## II.  JURISDICTION

3.    Defendant Weeks Marine admits that jurisdiction is proper under the Air Transportation Safety and System Stabilization Act of 2001 as alleged in "Section II," but denies that this is the only basis for federal jurisdiction.

## III.  CAUSES OF ACTION

4.    Defendant Weeks Marine admits that Plaintiff(s) is/are pursuing allegations based on the indicated causes of action in Section "III" of the Short Form Complaint.  Defendant Weeks Marine denies these allegations.

## IV.  CAUSATION, INJURY AND DAMAGES

5.    Defendant Weeks Marine denies the allegations contained in Section "IV" of the Short Form Complaint.

## V.  AFFIRMATIVE DEFENSES

6.    Defendant Weeks Marine hereby adopts all affirmative defenses asserted in the Master Answer as if set forth in full herein and also asserts the following Supplemental Affirmative Defenses:

7.    Plaintiff(s) is not a seaman under the Jones Act, 46 U.S.C. §30104 et seq.

8.    Plaintiff(s) was not employed by Weeks Marine and otherwise had no employment connection to any vessel owned and/or operated by Weeks Marine.

9.     Plaintiff(s) negligently breached his primary duties with respect to the events giving rise to this lawsuit causing his alleged injuries.

10.    Defendant Weeks Marine's liability, if any, is limited pursuant to the provisions of the Limitation of Shipowner's Liability Act, 46 U.S.C. §181 et seq.

11.    Service of process of the Amended Master Complaint Against Contractor Defendants, and of the Summons and Check-Off ("Short Form") Complaint Related To The Master Complaint on defendant Weeks Marine was insufficient.

12.    This Court lacks jurisdiction over Weeks Marine by reason of insufficiency of process and Weeks Marine reserves the right to move at or before trial for dismissal of the Amended Master Complaint Against Contractor Defendants on the grounds of lack of  jurisdiction because of insufficiency of process and/or service.

**JONES ACT "RIDER"**

13.    The allegations contained in the first unnumbered Paragraph of the "RIDER" to the Short Form Complaint concerning jurisdiction are conclusions of law properly resolvable by the Court.  To the extent they are not conclusions of law, they are denied.

14.    Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth unnumbered Paragraphs of the "RIDER" to the Short Form Complaint concerning "barges," except admits that Weeks Marine owned and/or operated certain barges at certain times.

15.    Weeks Marine denies the allegations contained in the fifth, sixth and seventh unnumbered Paragraphs of the "Rider" to the Short Form Complaint.

**WHEREFORE**, defendant Weeks Marine demands judgment dismissing the Master Complaint and the Short Form Complaint as against it, together with costs, including attorneys' fees, and for such other, further and different relief as the Court may deem just and proper.

Dated:   New York, New York
          February 13, 2008

                         BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
                         Attorneys for Defendant WEEKS MARINE, INC.

               By    /S/ Ronald Betancourt         
                         Ronald Betancourt (RB 5838)
                         46 Trinity Place
                         New York, New York 10006
                         (212) 297-0050

To:    WORBY GRONER EDELMAN & NAPOLI BERN, LLP
       Paul J. Napoli, Esq.
       Attorneys for Plaintiffs and
       Plaintiffs' Liaison Counsel
       115 Broadway, 12th Floor
       New York, New York 10006
       (212) 267-3700

       SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C.
       Andrew J. Carboy, Esq.
       Plaintiffs' Liaison Counsel
       120 Broadway, 18th Floor
       New York, New York 10271
       (212) 732-9000

       PATTON BOGGS, LLP
       James E. Tyrrell, Jr., Esq.
       Joseph E. Hopkins, Esq.
       Defendants' Liaison Counsel
       The Legal Center
       One Riverfront Plaza
       Newark, New Jersey 07102
       (937) 848-5600

       FLEMMING ZULACK WILLIAMSON & ZAUDERER, LLP
       Richard A. Williamson, Esq.
       Defendants' Liaison Counsel
       One Liberty Plaza
       New York, New York 10006-1404
       (212) 412-9500

       SCHIFF HARDIN, LLP
       Beth D. Jacob, Esq.
       Defendants' Liaison Counsel
       900 Third Avenue
       New York, New York 10022
       (212) 753-5000

# RIDER

JOHN BUONO and DENISE BUONO,　　　　　　　　　　　　**07-cv-4412 (AKH)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**21 MC 100**

　　　　　　　　　　　　PLAINTIFFS,

- AGAINST -

A RUSSO WRECKING, INC.; ABM INDUSTRIES, INC.; ABM JANITORIAL NORTHEAST, INC.; AMEC CONSTRUCTION MANAGEMENT, INC.; AMEC EARTH & ENVIRONMENTAL, INC.; ANTHONY CORTESE SPECIALIZED HAULING LLC.; ATLANTIC HEYDT CORP.; BECHTEL ASSOCIATES PROFESSIONAL CORPORATION; BECHTEL CONSTRUCTION, INC.; BECHTEL CORPORATION; BECHTEL ENVIRONMENTAL, INC.; BERKEL & COMPANY, CONTRACTORS, INC.; BIG APPLE WRECKING & CONSTRUCTION CORP; BOVIS LEND LEASE LMB, INC.; BREEZE CARTING CORP.; BREEZE NATIONAL INC.; BRER-FOUR TRANSPORTATION CORP.; BURO HAPPOLD CONSULTING ENGINEERS, P.C.; C.B. CONTRACTING CORP; CANRON CONSTRUCTION CORP.; CORD CONTRACTING CO., INC.; DAKOTA DEMO-TECH; DIAMOND POINT EXCAVATING CORP; DIEGO CONSTRUCTION, INC.; DIVERSIFIED CARTING, INC.; DMT ENTERPRISE, INC.; D'ONOFRIO GENERAL CONTRACTORS CORP.; EAGLE LEASING & INDUSTRIAL SUPPLY, INC.; EAGLE ONE ROOFING CONTRACTORS INC; EJ DAVIES, INC.; EN-TECH CORP.; EVANS ENVIRONMENTAL; EVERGREEN RECYCLING OF CORONA (EROC); EWELL W. FINLEY, P.C.; EXECUTIVE MEDICAL SERVICES, P.C.; FLEET TRUCKING, INC.; FRANCIS A. LEE EXTERIOR RESTORATION, INC.; FTI TRUCKING, INC.; GILSANZ, MURRAY, & STEFICEK, LLP; GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC.; HALLEN WELDING SERVICE, INC.; H.P. ENVIRONMENTAL; KOCH SKANSKA INC; LAQUILA CONSTRUCTION INC.; LASTRADA GENERAL CONTRACTING CORP.; LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEERS P.C.; LIBERTY MUTUAL GROUP; LOCKWOOD, KESSLER & BARTLETT, INC.; LUCIUS PITKIN, INC.; LZA TECH-DIV OF THORTON TOMASETTI; MANAFORT BROTHERS INCORPORATED; MAZZOCCHI WRECKING, INC.; MERIDIAN CONSTRUCTION CORP.; MORETRENCH AMERICAN CORP.; MRA ENGINEERING, PC; MUESER RUTLEDGE CONSULTING ENGINEERS, INC; NACIREMA INDUSTRIES INCORPORATED; NEW YORK CRANE & EQUIPMENT CORP.; NICHOLSON CONSTRUCTION COMPANY; PETER SCALAMANDRE & SONS, INC.; PHILLIPS AND JORDAN, INC.; PINNACLE ENVIRONMENTAL CORP.; PLAZA CONSTRUCTION CORP.; PORT AUTHORITY OF NEW YORK AND NEW JERSEY; PRO SAFETY SERVICES LLC.; PT&L CONTRACTING CORP.; ROBER SILMAN ASSOCIATES; ROBERT L. GEROSA, INC.; RODAR ENTERPRISES, INC.; ROYAL GM, INC; SAB TRUCKING INC.; SAFEWAY ENVIRONMENTAL CORP.; SEASONS INDUSTRIAL CONTRACTING; SEMCOR EQUIPMENT & MANUFACTURING CORP.; SILVERITE CONTRACTING CORPORATION; SIMPSON GUMPERTZ & HEGER INC.; SKIDMORE, OWING & MERRILL LLP; SURVIVAIR; TAYLOR RECYCLING FACILITY LLC; TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN; TISHMAN CONSTRUCTION CORPORATION OF NEW YORK; TISHMAN INTERIORS CORPORATION; TISHMAN SPEYER PROPERTIES; THORTON –TOMASETTI GROUP, INC.; TORRETTA TRUCKING, INC.; TOTAL SAFETY CONSULTING, L.L.C.; TUCCI EQUIPMENT RENTAL CORP.; TULLY CONSTRUCTION CO., INC.; TURNER CONSTRUCTION COMPANY; ULTIMATE DEMOLITION/CS HAULING (JOINT VENTURE); VERIZON NEW YORK INC; VOLLMER ASSOCIATES LLP.; WEEKS MARINE, INC.; WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.; WHITNEY CONTRACTING INC.; WOLKOW-BRAKER ROOFING CORP.; WORLD TRADE CENTER PROPERTIES LLC.; WSP CANTOR SEINUK; YANNUZZI & SONS, INC; YONKERS CONTRACTING COMPANY, INC.; YORK HUNTER CONSTRUCTION, LLC; ZIEGENFUSS DRILLING, INC.,

　　　　　　　　　　　　DEFENDANTS.

X_____